**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angelina Delilah McLaughlin,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>    Defendant. | No. CIV 08-282-TUC-FRZ (GEE)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a motion to dismiss for lack of jurisdiction filed by the defendant on July 21, 2008. [doc. # 9] The plaintiff did not file a response.

The plaintiff brings an action for "review of the decision of the Appeals Council of the Social Security Administration denying the Request for Review of the Administrative Law Judge's decision in which the Administrative Law Judge dismissed Plaintiff's request to reopen the denial of her previous (October 2002) application." The plaintiff asserts this court has jurisdiction pursuant to 42 U.S.C. §405(g).

The defendant brings a motion pursuant to FED.R.CIV.P. 12(b)(1). He argues this court is without subject matter jurisdiction.

The case has been referred to the United States Magistrate Judge pursuant to the Rules of Practice of this court.

1  The Magistrate Judge recommends that the District Court, after its independent review,
2  grant the motion to dismiss.

4  <u>Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>
5  The defendant moves that this court dismiss the complaint pursuant to FED.R.CIV.P.
6  12(b)(1) because the court lacks subject matter jurisdiction. In analyzing the motion, the court
7  accepts as true the factual allegations contained in the complaint. *Orsay v. U.S. Dept. of Justice*,
8  289 F.3d 1125, 1127 (9th Cir. 2002). Because federal courts are courts of limited jurisdiction,
9  the party invoking the jurisdiction of the court has the burden of proof. *Vacek v. U.S. Postal*
10 *Service,* 447 F.3d 1248, 1250 (9th Cir. 2006).

12  <u>Discussion</u>
13  McLaughlin alleges this court has jurisdiction pursuant to 42 U.S.C. § 405(g). It does
14  not.
15  Section 405(g) grants the district courts jurisdiction to review "final decisions" of the
16  Commissioner of Social Security. 42 U.S.C. § 405(g). The courts have no jurisdiction over any
17  other findings or decisions made by the Commissioner. 42 U.S.C. § 405(h). The denial of a
18  motion to reopen is a discretionary decision, not a "final decision." *Klemm v. Astrue*, __ F.3d
19  __ (9th Cir. 2008), 2008 WL 4210589.
20  In this case, McLaughlin seeks review of the Commissioner's decision denying the
21  plaintiff's request to reopen her application of October, 2002. The Commissioner's decision
22  is not a "final decision" as that term is used in section 405(g). *Id.* This court has no jurisdiction
23  to review it. *Id.*

25  <u>RECOMMENDATION</u>
26  For the foregoing reasons, the Magistrate Judge recommends that the District Court, after
27  its independent review, grant the defendant's Motion to Dismiss. [doc. #9]

1  Pursuant to 28 U.S.C. § 636(b), any party may file and serve written objections within
2  10 days after being served with a copy of this Report and Recommendation.  If objections are
3  not timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-*
4  *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

5  The Clerk of the Court is directed to send a copy of this Report and Recommendation
6  to all parties.

8  DATED this 27th day of October, 2008.

*[signature]*
Glenda E. Edmonds
United States Magistrate Judge